IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| RAUL CANTU-RAMIREZ, #05555-078 | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 4:11cv718 |
| | | CRIMINAL ACTION NO. 4:08cr107(3) |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Raul Cantu-Ramire filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Background

On August 26, 2009, a jury convicted Movant of conspiracy to manufacture, distribute, or possess with intent to manufacture or distribute a controlled substance, in violation of 21 U.S.C. § 846. On April 30, 2010, the Court sentenced him to 121 months' imprisonment. The United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal as frivolous.

In the present § 2255 motion, Movant asserts that he is entitled to relief because he was denied effective assistance of counsel when his trial counsel "failed to put defendant before the court and have it determined, whether his proffer to the government was 'complete and truthful' to qualify for the 'safety valve,' 18 U.S.C. § 3553(f)." He asserts that he is entitled to a new trial. The Government filed a Response, contending that the motion is without merit. Movant filed a Reply to the Government's Response.

## Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

## Ineffective Assistance of Counsel

### Legal Standard

In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively

prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id*. at 697.

Analysis – Failure to Call Witnesses

Movant asserts that trial counsel was ineffective for failing to call him to testify. However, counsel cannot be held to be ineffective for failing to call a defendant to testify, despite such defendant's repeated requests, when the defendant has not shown a reasonable probability that the outcome of the proceeding would have been different had he testified. *Anderson v. Sayer*, 238 F.3d 631, 634 (5th Cir. 2001). "Self-serving conclusory statement[s]" that such testimony would have changed the outcome of the proceeding is insufficient to satisfy the *Strickland* standard. *Id*. at 635. A defendant must present specific evidence as to what his testimony would have been. *Id*.

"[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A movant must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982).

In the instant case, Movant has provided no evidence of what his "proffer" or testimony

would have been had his counsel called him to testify. Furthermore, he has pointed to no evidence that he requested to testify either during trial or sentencing. A review of the record shows that Movant was given the opportunity to address the Court at sentencing, and he declined the opportunity. Moreover, he has not shown that such testimony would have changed the outcome of the proceedings.

Furthermore, unsupported assertions are not sufficient to overcome the strong presumption that the decision to not call a witness was not a trial strategy. *Alexander*, 775 F.2d at 602; *Murray*, 736 F.2d at 282. Movant has failed to demonstrate a reasonable probability that the result of the trial would have been different, but for counsel's strategy in not calling defendant to testify. Movant has not shown that asked to testify, that his testimony would have changed the outcome of the proceedings, that counsel's performance was deficient or that he was prejudiced under *Strickland*.

## Procedural Bar

Finally, Movant asserts that he is entitled to a new trial based on the erroneous admission of evidence. However, evidentiary issues could have been raised on direct appeal. Unconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in collateral proceedings. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Here, Movant could have raised his evidentiary issues on direct appeal as the record was fully developed, but chose not to do so. Thus, he is procedurally barred from asserting these issues in the instant motion. *Id*. The record was sufficiently developed at trial for the appellate court to be able to make a judgment. Movant chose not to raise these issues on appeal and he has failed to show cause or prejudice for the default. *Id*; *United States v. Lopez,* 248 F.3d 427, 433 (5th Cir. 2001) (defendant is barred from raising claims in his § 2255 motion that he failed to raise on direct appeal unless he shows cause for the omission and prejudice resulting therefrom). Accordingly, his evidentiary issues are

procedurally barred.

## Conclusion

Movant is not entitled to relief because he has not shown an error of "constitutional or jurisdictional magnitude." *Shaid*, 937 F.2d at 232. He has failed to show that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; 104 S. Ct. at 2068. Likewise, Movant has failed to show an injury that could not have been raised on direct appeal, and if condoned, would result in a miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Accordingly, his motion should be denied and his case dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where

a district court rejected constitutional claims on the merits, the movant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a COA should issue when the movant shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

Recommendation

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 2nd day of July, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE